UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

JAMES T. JARZAB, et al.,

Plaintiffs,

v.

KM ENTERPRISES, INC., et al.,

Defendants.

_______________________________________/

No. C 11-06671 LB

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**

[Re: ECF Nos. 19, 27]

## I. INTRODUCTION

Plaintiffs James T. Jarzab ("JT Jarzab") and James R. Jarzab ("JR Jarzab") (collectively, "Plaintiffs") sued KM Enterprises, Inc. ("KME"), Andrea Morgan ("Ms. Morgan"), and Rodney (Kris) Morgan ("Mr. Morgan") for breach of contract and wage-and-hour violations under California law. KME and Ms. Morgan, and then Mr. Morgan, filed separate motions to dismiss Plaintiffs' First Amended Complaint. Upon consideration of the parties' papers and the applicable authorities, the court DENIES Defendants' motions to dismiss.[1]

## II. BACKGROUND

KM Enterprises is an Illinois corporation that is "in the business of producing, marketing, and selling the 'Emtrac Management System,' which uses navigation and communications technology to

[1] Pursuant to Civil Local Rule 7-1(b), the court finds these matters suitable for determination without oral argument and vacates the June 7, 2012 hearing.

allow for vehicle priority with signal control equipment." FAC, ECF No. 13 at 2-3, ¶¶ 1, 11.[2] On September 28, 2009, "KME extended a written employment offer to JT Jarzab." *Id*. at 3, ¶ 12. "The primary terms of this employment offer were as follows: [(]a) JT Jarzab was to [] serve as the Vice President of Marketing; (b) he was to be compensated $100,000.00 per year; (c) he was to receive three weeks of vacation per year; [and] (d) he was to receive life and health insurance, [] an office in California paid [for] by KME[,] and [] a commission of 1.25% on all product sold by KME." *Id*. He "immediately accepted the job." *Id*. Soon thereafter, "KME orally indicated that JT Jarzab would also receive 2.5% of KME stock, transferable after a six month probationary period." *Id*., ¶ 13.

"JT Jarzab worked for KME from October 1, 2009 until April 20, 2011 when he was constructively terminated." *Id*. at 4, ¶ 14. According to Plaintiffs, "he performed his job duties in an exemplary manner." *Id*. "Notwithstanding his efforts, Defendants committed one or more of the following: (a) failed to pay JT Jarzab any of his earned commissions; (b) failed to pay JT Jarzab his wages beginning with the second pay period in January 2011; (c) failed to reimburse[] JT Jarzab for office lease and office[] expenses from October 2009 until November 1, 2010; (d) failed to reimburse JT Jarzab for business expenses from September 1, 2009 until March 3, 2010; (e) failed to provide health care benefits from October 1, 2009 to March 31, 2010[;] and (f) failed to compensate JT Jarzab with stock shares." *Id*.

JT Jarzab's son, JR Jarzab also worked for KME. *Id*., ¶ 16; Plaintiffs' Opposition to KME and Ms. Morgan's MTD, ECF No. 21 at 4. He "worked as an Assistant Planner for KME from June 2010 until he was constructively discharged on April 20, 2011." FAC, ECF No. 13 at 4, ¶ 16. According to Plaintiffs, "[d]uring his employment at KME, JR Jarzab performed his job duties in an exemplary manner." *Id*. "Notwithstanding his efforts, Defendants failed to pay JR Jarzab his wages between January 15, 2011 and April 20, 2011." *Id*.

Plaintiffs sued KME, Ms. Morgan, and Mr. Morgan in Alameda County state court on July 19, 2011. Notice of Removal, ECF No. 1 at 4-15; *see Jarzab, et al. v. KM Enters, Inc., et al.*, No.

---

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

VG11586312 (Alameda County Sup. Ct.). Plaintiffs believe that they validly served KME and Ms. Morgan with the complaint and summons on November 28, 2011. Plaintiffs' Opposition to KME and Ms. Morgan's MTD, ECF No. 21 at 8-12. Although KME and Ms. Morgan agree that Mr. Morgan was validly served, they contest the validity of service upon KME. KME and Ms. Morgan's MTD, ECF No. 19 at 1, ¶¶ 7, 9. According to Ms. Morgan, on that day, a process server from the Jefferson County, Illinois Sheriff's Office called Ms. Morgan to notify her that she would be served with the complaint and summons for this action. Ms. Morgan's First Affidavit, ECF No. 20-1 at 3, ¶ 5. Rather than be served at the school where she works, she chose to pick up the complaint and summons at the Sheriff's Office. *Id.*, ¶ 6. She maintains that she is not authorized by KME to accept service of process. *Id.*, ¶ 7. Plaintiffs, on the other hand, maintain that Ms. Morgan either held herself out to be, or was held out by KME to be, KME's Chief Financial Officer, and thus was able to accept service on behalf of KME. Plaintiffs' Opposition to KME and Ms. Morgan's MTD, ECF No. 21 at 8-12.

KM and Ms. Morgan (Mr. Morgan had not yet been served) removed the case from state court to federal court on December 28, 2011. Notice of Removal, ECF No. 1 at 1-3. Shortly thereafter they filed a motion to dismiss the complaint. First Motion to Dismiss, ECF No. 4. The court denied their motion without prejudice because their counsel had not yet been approved to appear before the court *pro hac vice*. 1/3/2012 Order, ECF No. 6. After their counsel's application was approved, they filed another motion to dismiss the complaint on January 4, 2012. Second Motion to Dismiss, ECF No. 10; *see* 1/4/2012 Order, ECF No. 8 (granting Defendants' counsel application for admission *pro hac vice*).

Rather than oppose the motion, Plaintiffs filed a First Amended Complaint as a matter of right. First Amended Complaint ("FAC"), ECF No. 13. In it, they bring claims for: (1) failure to pay minimum wages for all hours worked in violation of California Labor Code §§ 1194 and 1194.2; (2) failure to pay minimum wages for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206; (3) failure to pay wages due in violation of California Labor Code § 204; (4) failure to pay waiting time penalties in violation of California Labor Code §§ 201-203; (5) failure to reimburse expenses in violation of California Labor Code § 2802; (6) failure to provide

proper pay statements and maintain adequate records in violation of California Labor Code §§ 226 and 1174; (7) unfair competition in violation of California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200; (8) breach of contract; and (9) unjust enrichment. *See id*.

On February 3, 2012, KME and Ms. Morgan filed a motion to dismiss the First Amended Complaint or, alternatively, to transfer the case to the Southern District of Illinois, and they noticed the motion for hearing on April 5, 2012. KME and Ms. Morgan's MTD, ECF No. 19. Plaintiffs timely filed an opposition to the motion, and KME and Ms. Morgan filed a reply. Plaintiffs' Opposition to KME and Ms. Morgan's MTD, ECF No. 21; KME and Ms. Morgan's Reply, ECF No. 24.

Then, after he waived service of the First Amended Complaint, Mr. Morgan filed his own motion to dismiss or, alternatively, to transfer the case to the Southern District of Illinois. Mr. Morgan's MTD, ECF No. 27; *see* Waiver of Service, ECF No. 16. Because he noticed his motion for hearing on June 7, 2012, the court continued the hearing on KME and Ms. Morgan's motion to that date as well. Clerk's Notice dated March 29, 2012 (ECF entry only). Plaintiffs timely filed an opposition to Mr. Morgan's motion, and he filed a reply. Plaintiffs' Opposition to Mr. Morgan's MTD, ECF No. 35; Mr. Morgan's Reply, ECF No. 37.

## III. LEGAL STANDARD

<u>A. Personal Jurisdiction</u>

Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *See* Fed. R. Civ. Pro. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. *Panavision*, 141 F.3d at 1320; Cal. Code Civ. P. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States"). A court may exercise personal jurisdiction over a defendant consistent with due process only if he or she has "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326

U.S. 310, 316 (1945).

"Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes, a forum may exercise only 'specific' jurisdiction—that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). Here, there are no allegations that KME, Ms. Morgan, or Mr. Morgan have sufficient contacts to support general personal jurisdiction, and no party makes that argument.[3] Only specific jurisdiction is at issue.

The Ninth Circuit analyzes specific jurisdiction according to a three-prong test: (1) the nonresident defendant must purposefully direct his activities at the forum state or purposefully avail himself of the benefits and protections of the laws of the forum state, (2) the claim must be one which arises out of or relates to the defendant's forum-related activities, and (3) the exercise of personal jurisdiction must be reasonable. *Id.* at 1205-1206 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

B. Venue

There are two grounds upon which venue may be challenged in federal court: under 28 U.S.C. § 1406(a) for improper venue, and under 28 U.S.C. § 1404(a) for the convenience of parties and witnesses and in the interest of justice.

1. 28 U.S.C. § 1406(a)

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a case for improper venue. If venue is improper, the court may either dismiss the case without prejudice, or, if it is in the "interest of justice," may transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *In re Hall, Bayoutree Assoc., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991) (if a court decides to dismiss a case for improper venue, dismissal must be without prejudice). Ordinarily, the interest of justice requires transferring the case to the proper venue rather

---

[3] General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are "substantial" or "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).

UNITED STATES DISTRICT COURT
For the Northern District of California

than dismissing the case. *See Baeta v. Sonchik*, 273 F.3d 1261, 1264-65 (9th Cir. 2001) (quotations and citations omitted). After a defendant challenges the venue, it is the plaintiff's burden to show that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In the context of a motion under Rule 12(b)(3), the court need not accept as true all allegations in the complaint, but may consider facts outside the pleadings. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted). However, the court "is obligated to draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Id.* at 1138.

2. 28 U.S.C. § 1404(a)

28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although Congress drafted § 1404(a) in accordance with the doctrine of *forum non conveniens*, it was intended to be a revision rather than a codification of the common law. *Piper Aircraft v. Reyno*, 454 U.S. 235, 253 (1981); *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Thus, a § 1404(a) transfer is available "upon a lesser showing of inconvenience" than that required for a *forum non conveniens* dismissal. *Norwood*, 349 U.S. at 32.

The burden is upon the moving party to show that transfer is appropriate. *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also Los Angeles Memorial Coliseum Comm. v. National Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981) *aff'd*, 726 F.2d 1381, 1399 (9th Cir. 1984). Nonetheless, the district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)); *see Westinghouse Elec. Corp. v. Weigel*, 426 F.2d 1356, 1358 (9th Cir. 1970).

An action may be transferred to another court if: (1) that court is one where the action might have been brought; (2) the transfer serves the convenience of the parties; and (3) the transfer will promote the interests of justice. *E & J Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (citing 28 U.S.C. § 1404(a)). The Ninth Circuit has identified numerous additional

factors a court may consider in determining whether a change of venue should be granted pursuant to § 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). Courts may also consider, "the administrative difficulties flowing from court congestion and [the] local interest in having localized controversies decided at home." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Generally, the court affords the plaintiff's choice of forum great weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) *cert. denied*, 485 U.S. 993 (1988). But when judging the weight to be given to plaintiff's choice of forum, consideration must be given to the respective parties' contact with the chosen forum. *Id*. "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," the plaintiff's choice "is entitled only minimal consideration." *Id*. Moreover, when a plaintiff brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight. *Id*.

C. Rule 12(b)(6)

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual

allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## IV. DISCUSSION

Although it is not mandatory, *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007), the court normally considers challenges to its jurisdiction before determining whether venue is proper, *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979).[4] Even if a court determines that it lacks personal jurisdiction over a defendant, the court still can rule on a motion to transfer venue under 28 U.S.C. § 1406. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). But generally the court should not consider challenges under Rule 12(b)(6) until after jurisdiction and venue challenges are resolved. *See Madara v. Hall*, 916 F.2d 1510, 1514 n.1 (11th Cir. 1990); *Arrowsmith v. United Press Int'l.*, 320 F.2d 219, 221 (2d Cir. 1963); *see also Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1039 (C.D. Cal. 1998) (citing *Madara*). The court, then, will consider Defendants' challenges in this order.

### A. Whether This Court Has Personal Jurisdiction over KME and Ms. Morgan

---

[4] In doing so , the court also normally considers challenges to its subject-matter jurisdiction before deciding whether personal jurisdiction exists, although this is not mandatory, either. *Leroy*, 443 U.S. at 180; *Ruhras AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999).

UNITED STATES DISTRICT COURT
For the Northern District of California

KME and Ms. Morgan, but not Mr. Morgan, contend that this court does not have personal jurisdiction over them. KME and Ms. Morgan's MTD, ECF No. 19 at 2-6.

The court first addresses whether it has personal jurisdiction over KME. KME argues that it does not because it was never properly served with the complaint and summons. *Id*. at 4-6. Under California law, a summons and complaint may be served on a corporation by delivering a copy of the documents (1) to the person designated as agent for service under certain provisions of the California Corporations Code or (2) to the "president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Code Civ. P. § 416.10(a), (b). A "general manager" has been interpreted to include "any agent of the corporation 'of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made.'" *Gibble v. Car-Lene Research, Inc.*, 67 Cal. App. 4th 295, 313 (1998) (quoting *Eclipse Fuel Engineering Co. v. Superior Court*, 148 Cal. App. 2d 736, 745-46 (1957))

Defendants argue that by serving Ms. Morgan on November 28, 2011, they validly served KME. KME says that Ms. Morgan is not designated as KME's agent for service of process nor is she one of the officer- or manager-type individuals listed in California Code of Civil Procedure § 416.10(b), so service was never made on KME.[5] Defendants counter by arguing that, even if that is true, Ms.

---

[5] KME and Ms. Morgan also argue that KME must have been served within 60 days from the filing of the complaint. KME and Ms. Morgan's MTD, ECF No. 20 at 6. As support they cite Rule 3.110(b) of the California Rules of Court, which provides that "[t]he complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint. When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint." The problem with their argument, though, is that the penalty for violating Rule 3.110(b) is the issuance of sanctions, California Rules of Court, Rule 3.110(f) ("If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed."), not involuntary dismissal of the action. *See* Cal. Code Civ. P. § 583.210 (providing that dismissal is mandatory if summons and complaint have not been served within three years); Cal. Civ. Civ. P. § 583.410 (providing that involuntary dismissal for delay in prosecution is authorized only if an action has not been brought to trial or conditionally settled within two years after filing). Defendants did not ask the state court to sanction Plaintiffs for their untimely service, nor is this issue before the court now.

Morgan had ostensible authority to accept service of process because KME held her out has being its Chief Financial Officer.

In *Pasadena Medi-Center Associates v. Superior Court*, the California Supreme Court held that by serving "a corporate agent with ostensible authority to receive process," the plaintiff "effected valid service upon the defendants." 9 Cal.3d 773, 783 (1973). In that case, the defendant corporation erroneously represented in a stock permit application that a certain individual was its secretary-treasurer. *Id*. at 775-76. Plaintiff then served the individual with the complaint and summons. *Id*. at 776. In holding that the individual had ostensible authority to accept service, the court stated the plaintiff's counsel could reasonably rely on a list of officers prepared by the defendant corporation which bore no indicia of error or mistake to find someone to serve. *Id*. at 781.

Here, Defendants have submitted a slide from a presentation that KME gave to JT Jarzab in November 2010. The slide depicts KME's organizational chart, and that chart describes Ms. Morgan has KME's Chief Financial Officer. KME, then, clearly held Ms. Morgan out, at least on this occasion, as one of its officers. And because no evidence has been presented to suggest that Plaintiffs unreasonably relied upon this organizational chart, the court finds that service of KME by way of Ms. Morgan was appropriate.[6]

The court next addresses whether it has personal jurisdiction over Ms. Morgan. She and KME argue that she does not have sufficient minimum contacts with California to support its exercise. KME and Ms. Morgan's MTD, ECF No. 20 at 2-4. Again, for specific personal jurisdiction to exist over her, (1) Ms. Morgan must have purposefully direct her activities at California or purposefully availed herself of the benefits and protections of the laws of California, (2) Plaintiffs' claims must be ones which arise out of or relates to Ms. Morgan's California-related activities, and (3) the exercise

[6] KME and Ms. Morgan assert that the organizational chart submitted by Plaintiffs is hearsay. KME and Ms. Morgan's Reply, ECF No. 24 at 7. Hearsay, of course, is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. The organizational chart is not hearsay in this instance because Plaintiffs do not offer it for its truth; rather, they offer it to show that Ms. Morgan was held out as KME's Chief Financial Officer, regardless of whether she in fact held that position.

of personal jurisdiction must be reasonable. *Id.* at 1205-1206 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

The first prong may be satisfied by purposeful availment of the privilege of doing business in the forum, by purposeful direction of activities at the forum, or by some combination thereof. *Yahoo! Inc.*, 433 F.3d at 1206. "Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum. Evidence of direction generally consists of action taking place outside the forum that is directed at the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).

Ms. Morgan states in her affidavit that she is not an officer, employee, or shareholder of KME. Ms. Morgan's First Affidavit, ECF No. 20-1 at 2, ¶ 2. It is her husband, Mr. Morgan, who is an employee, as he is KME's President. Mr. Morgan's First Affidavit, ECF No. 20-2 at 2-3, ¶¶ 1-2. She is a schoolteacher, and she "help[s] in [KME's] office after school," primarily "by pay[ing] bills and keep[ing] financial records." Ms. Morgan's First Affidavit, ECF No. 20-1 at 3, ¶¶ 3-4. Thus, "[f]rom [her] desk in Illinois, [she] signed checks to pay [JT] Jarzab's salary and to pay office rent for approximately four months." *Id.*, ¶ 9. JT Jarzab also states that he "dealt with [Ms.] Morgan on tax issues, payroll and paycheck issues, banking issues, and expense reimbursement issues." First JT Jarzab Declaration, ECF No. 21-1 at 2, ¶ 6.

The court believes that, while Ms. Jarzab's alleged actions may or may subject her to liability in this case, they do allow this court to exercise personal jurisdiction over her. First, she purposefully directed her activities toward California when she signed JT Jarzab's checks and paid rent for KME's California office. Second, Plaintiffs' claims arise out of their payment (or alleged lack thereof). Plaintiffs claim that Defendants, among other things, did not pay them all that they are due and did not reimburse them for office space, and Ms. Morgan is the person who signed the checks (at least for part of the time). Third, the exercise of jurisdiction is reasonable because a presumption of reasonableness exists once the court finds that plaintiffs have established the purposeful availment prong. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

B. Whether the Case Must, or Should, be Transferred

Defendants also challenge venue. They argue that the case should be transferred to the Southern

District of Illinois under 28 U.S.C. § 1404(a).[7]

It is Defendants' burden to show that transfer is appropriate. *Commodity Futures Trading Commission*, 611 F.2d at 279. Upon review of the parties' arguments and the relevant factors, the court finds that Defendants have not met it. Although Plaintiffs could have brought their action in Illinois, they chose to bring it in California, and their choice generally is afforded great weight. *Lou*, 834 F.2d at 739. Moreover, the court does not believe that the Southern District of Illinois would, on the whole, be more convenient or that transfer would promote the interests of justice. First, while proceeding with the case in California is an inconvenience for Ms. Morgan and Mr. Morgan, proceeding with it in Illinois would be just as inconvenient for JT Jarzab and JR Jarzab. And neither party has convinced the court that there are an overwhelming number of potential witnesses in either California or Illinois such that they would tip the scales in favor of one state or the other.[8] Second,

---

[7] Defendants actually moved to dismiss Plaintiffs' First Amended Complaint under Rule 12(b)(3) for improper venue as well, and they frequently state in their papers that venue is improper. *See* KME and Ms. Morgan's MTD, ECF No. 19 at 1; KME and Ms. Morgan's Memo, ECF No. 20 at 1, 2, 8; KME and Ms. Morgan's Reply, ECF No. 24 at 3; Mr. Morgan's MTD, ECF No. 27 at 1; *id*. at 2, ¶ 2; Mr. Morgan's Memo, ECF No. 28 at 4; Mr. Morgan's Reply, ECF No. 37 at 2. In their papers, however, Defendants substantively discuss only transfer under 28 U.S.C. § 1404(a) (the provision for transfer when one proper venue is more convenient than another proper one). *See* KME and Ms. Morgan's Memo, ECF No. 20 at 8-9; KME and Ms. Morgan's Reply, ECF No. 24 at 9-12; Mr. Morgan's Memo, ECF No. 28 at 5-8; Mr. Morgan's Reply, ECF No. 37 at 2-3.

To the extent that Defendants argue that the Northern District of California is an improper venue, their argument fails because removal automatically satisfies federal venue requirements. *Hollis v. Florida State Univ.*, 259 F.3d 1295, 1299 (11th Cir. 2001) ("In removed actions the general venue provision, 28 U.S.C. § 1391, does not apply. Instead, § 1441(a), by requiring removal to the district court for the district in which the state action is pending, properly fixes the federal venue in that district. Thus, once a case is properly removed to federal court, a defendant cannot move to dismiss on § 1391 venue grounds.") (citations omitted); *see id*. at 1298-1300 (discussing this issue in more detail); *see also IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1013 (N.D. Cal. 2000) ("Venue in cases removed from state court are governed by 28 U.S.C. § 1441, rather than 28 U.S.C. § 1391, which is the general venue statute. Under § 1441(a), venue is proper in the judicial district encompassing the state court where action was brought.").

[8] In their motions, Defendants simply stated that "potential witnesses" were more likely to be located in Illinois. It was not until Mr. Morgan filed his reply that he mentioned two specific individuals. One potential witness works at KME's headquarters in Illinois and may have relevant

Defendants point out that JT Jarzab maintained an office in Illinois until January 15, 2011, but JT Jarzab states that he maintained an office in California. Mr. Morgan's Second Affidavit, ECF No. 20-3 at 3, ¶ 2; JT Jarzab Declaration, ECF No. 21-1 at 3, ¶ 8. JT Jarzab also states that he performed the vast majority of his duties in California. JT Jarzab Declaration, ECF No. 21-1 at 3, ¶ 8. Third, this essentially is a breach of contract action, whereby the parties contemplated that JT Jarzab would work for KME in California. In such a case, the place of performance is the preferred forum. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) ("We believe that the spirit of § 1391(a) is better served in this case if venue for a claim based on breach of contract be the place of intended performance rather than the place of repudiation. We favor this rule because the place of performance is determined at the inception of the contract and therefore parties can anticipate where they may be sued. Furthermore, the place of performance is likely to have a close nexus to the underlying events.") (internal citations omitted). And fourth, Defendants conclusively assert that the employment contract between KME and JT Jarzab is governed by Illinois law, and so an Illinois federal court would be more familiar with Illinois state law than a California one, but Defendants did not even submit the contract to the court. *See* KME and Ms. Morgan's Memo, ECF No. 9; Mr. Morgan's Second Affidavit, ECF No. 20-3 at 3, ¶ 11.

In sum, upon consideration of the relevant circumstances, the court will not exercise its discretion and transfer this case to the Southern District of Illinois.

C. Whether Plaintiffs' Claims Are Sufficiently Alleged

Now that the court has resolved Defendants challenges to personal jurisdiction and venue, it will turn to the sufficiency of Plaintiffs' claims. KME and Ms. Morgan argue that all of Plaintiffs' claims are insufficiently alleged, and Mr. Morgan argues that Plaintiffs' Fair Labor Standards Act

---

information concerning the retrieval of JT Jarzab's emails from KME's servers. *See* Andrew Morgan Affidavit, ECF No. 37-1. Another potential witness resides in Texas and works for KME from there. *See* Richard D'Alessandro Affidavit, ECF No. 37-1. He states that it would be more convenient for him to travel to Illinois to testify than to California, because if he had to go to Illinois, he could work from KME's headquarters. Neither of these witnesses convince the court that Illinois is the more convenient forum. For one, the retrieval of JT Jarzab's emails is, in the context of this case, a relatively minor issue. And with respect to Mr. D'Alessanandro, if he were required to testify at trial, he most likely will not be busy working anyway.

claims for failure to pay minimum wages for all hours worked is insufficiently alleged.

First, KME and Ms. Morgan contend that Plaintiffs' claims fail because the employment contract between JT Jarzab and KME is governed by Illinois, not California, law. But as noted above, neither KME, Ms. Morgan, or Mr. Morgan submitted the employment contract with their motions to dismiss. KME and Ms. Morgan say that the contract is governed by Illinois law, but Plaintiffs say that it is not. Without the contract, the court cannot make a decision on this issue.

Second, KME and Ms. Morgan argue that Plaintiffs' claims are not alleged with enough detail to state claims to relief that are plausible on their face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For example, they state that Plaintiffs failed to allege (1) that Mr. Morgan and Ms. Morgan were their "employers" under California law or the FLSA, (2) the work they performed during the relevant time periods, (3) how much in wages that Defendants owe, (4) that they ever presented Defendants with a request for reimbursement of business-related expenses, (5) or the existence of a valid and enforceable employment agreement. *See* KME and Ms. Morgan's Memo, ECF No. 20 at 6-15.

Though KME and Ms. Morgan are correct that Plaintiffs' allegations are not exceedingly detailed, they are incorrect that the allegations are insufficient under *Twombly* and *Iqbal*. As described above, with respect to JT Jarzab, Plaintiffs allege (1) that he entered into an employment agreement with KME, (2) that the terms of the agreement required KME to pay him $100,000 per year for serving as Vice President of Marketing and give him three weeks of vacation, health insurance, an office in California, and commission on KME product sold. FAC, ECF No. 13 at 3, ¶ 12. They also allege that KME agreed to give him 2.5% of KME stock. *Id.*, ¶ 13. Plaintiffs then allege that, despite JT Jarzab's "exemplary performance," Defendants breached the terms of the agreement by (1) failing to pay him any of his earned commissions or his wages beginning with the second pay period in January 2011, (2) failing to reimburse him for office lease and expenses from October 2009 until November 1, 2010 or for business expenses from September 1, 2009 until March 3, 2010, (3) failed to provide health care benefits from October 1, 2009 to March 31, 2010, and (4) failed to give him the shares of stock shares. *Id.* at 4, ¶ 14. And with respect to JR Jarzab, Plaintiffs allege that he worked for KME as an Assistant Planner but that, despite his "exemplary

performance," Defendants failed to pay him his wages between January 15, 2011 and April 20, 2011. *Id.* at 4, ¶¶ 16-17.

In sum, while KME and Ms. Morgan raise good points about whether Plaintiffs will be able to prove their claims, such points are appropriately raised on a motion for summary judgment, not a motion to dismiss.

Mr. Morgan's motion fails for the same reason. He argues that Plaintiffs have not alleged "that he was engaged in compensable activity within the meaning of the [FLSA] and that the wages received for that activity, if any, were below the statutory minimum wage." Mr. Morgan's Memo, ECF No. 28 at 9. As noted above, Plaintiffs alleged that they worked as the Vice President of Marketing and an Assistant Planner during the relevant time period. FAC, ECF No. 13 at 3-4, ¶¶ 12, 16. They need not allege each individual task they perform in the complaint. Plaintiffs' allegations are sufficient at this stage on the proceedings.

## V. CONCLUSION

Based on the foregoing, Defendants' motions to dismiss or, alternatively, to transfer are DENIED.

This disposes of ECF Nos. 19 and 27.

**IT IS SO ORDERED.**

Dated: June 3, 2012

LAUREL BEELER
United States Magistrate Judge