UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JAMES T. JARZAB, et al.,<br><br>        Plaintiffs,<br>   v.<br><br>KM ENTERPRISES, INC., et al.,<br><br>        Defendants.<br>_____/ | No. C 11-06671 LB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS**<br><br>[Re: ECF No. 51] |

## I. INTRODUCTION

Plaintiffs James T. Jarzab ("JT Jarzab") and James R. Jarzab ("JR Jarzab") (collectively, "Plaintiffs") sued KM Enterprises, Inc. ("KME"), Andrea Morgan ("Ms. Morgan"), and Rodney (Kris) Morgan ("Mr. Morgan") (collectively, "Defendants") for breach of contract and wage-and-hour violations under California law. KME filed counterclaims against JT Jarzab, and now JT Jarzab moves to dismiss them. Upon consideration of the parties' papers, the evidentiary record, and the applicable authorities, the court **DENIES** JT Jarzab's motion to dismiss.[1]

## II. BACKGROUND

A. Factual Background

According to Plaintiffs' allegations, KM Enterprises is an Illinois corporation that is "in the

---

[1] Pursuant to Civil Local Rule 7-1(b), the court finds these matters suitable for determination without oral argument and vacates the August 16, 2012 hearing.

C 11-06671 LB
ORDER

business of producing, marketing, and selling the 'Emtrac Management System,' which uses navigation and communications technology to allow for vehicle priority with signal control equipment." First Amended Complaint ("FAC"), ECF No. 13 at 2-3, ¶¶ 1, 11.[2] On September 28, 2009, "KME extended a written employment offer to JT Jarzab." *Id*. at 3, ¶ 12. "The primary terms of this employment offer were as follows: [(]a) JT Jarzab was to [] serve as the Vice President of Marketing; (b) he was to be compensated $100,000.00 per year; (c) he was to receive three weeks of vacation per year; [and] (d) he was to receive life and health insurance, [] an office in California paid [for] by KME[,] and [] a commission of 1.25% on all product sold by KME." *Id*. He "immediately accepted the job." *Id*. Soon thereafter, "KME orally indicated that JT Jarzab would also receive 2.5% of KME stock, transferable after a six month probationary period." *Id*., ¶ 13.

"JT Jarzab worked for KME from October 1, 2009 until April 20, 2011 when he was constructively terminated." *Id*. at 4, ¶ 14. According to Plaintiffs, "he performed his job duties in an exemplary manner." *Id*. "Notwithstanding his efforts, Defendants committed one or more of the following: (a) failed to pay JT Jarzab any of his earned commissions; (b) failed to pay JT Jarzab his wages beginning with the second pay period in January 2011; (c) failed to reimburse[] JT Jarzab for office lease and office[] expenses from October 2009 until November 1, 2010; (d) failed to reimburse JT Jarzab for business expenses from September 1, 2009 until March 3, 2010; (e) failed to provide health care benefits from October 1, 2009 to March 31, 2010[;] and (f) failed to compensate JT Jarzab with stock shares." *Id*.

JT Jarzab's son, JR Jarzab, also worked for KME. *Id*., ¶ 16; Plaintiffs' Opposition to KME and Ms. Morgan's MTD, ECF No. 21 at 4. He "worked as an Assistant Planner for KME from June 2010 until he was constructively discharged on April 20, 2011." FAC, ECF No. 13 at 4, ¶ 16. According to Plaintiffs, "[d]uring his employment at KME, JR Jarzab performed his job duties in an exemplary manner." *Id*. "Notwithstanding his efforts, Defendants failed to pay JR Jarzab his wages between January 15, 2011 and April 20, 2011." *Id*.

---

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

Defendants deny many of these allegations. For one, while Defendants admit that KME leased office space in California for six months, they "lack sufficient knowledge or information to form a belief as to whether KME was doing business in California with an office located in" Pleasanton, California, as Plaintiffs allege. *See* Answer and Counterclaims, ECF No. 46 at 2, ¶ 1. And aside from admitting that JT Jarzab was employed by KME, Defendants admit little else with respect to the terms of his employment and his job performance. *See id*. at 3-5, ¶¶ 12-17.

B. Procedural Background

Plaintiffs sued KME, Ms. Morgan, and Mr. Morgan in Alameda County state court on July 19, 2011. Notice of Removal, ECF No. 1 at 4-15; *see Jarzab, et al. v. KM Enters, Inc., et al.*, No. VG11586312 (Alameda County Sup. Ct.). KME and Ms. Morgan (Mr. Morgan had not yet been served) removed the case from state court to federal court on December 28, 2011. Notice of Removal, ECF No. 1 at 1-3. Shortly thereafter they filed a motion to dismiss the complaint. First Motion to Dismiss, ECF No. 4. The court denied their motion without prejudice because their counsel had not yet been approved to appear before the court *pro hac vice*. 1/3/2012 Order, ECF No. 6. After their counsel's application was approved, they filed another motion to dismiss the complaint on January 4, 2012. Second Motion to Dismiss, ECF No. 10; *see* 1/4/2012 Order, ECF No. 8 (granting Defendants' counsel application for admission *pro hac vice*).

Rather than oppose the motion, Plaintiffs filed a First Amended Complaint as a matter of right. First Amended Complaint ("FAC"), ECF No. 13. In it, they bring claims for: (1) failure to pay minimum wages for all hours worked in violation of California Labor Code §§ 1194 and 1194.2; (2) failure to pay minimum wages for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206; (3) failure to pay wages due in violation of California Labor Code § 204; (4) failure to pay waiting time penalties in violation of California Labor Code §§ 201-203; (5) failure to reimburse expenses in violation of California Labor Code § 2802; (6) failure to provide proper pay statements and maintain adequate records in violation of California Labor Code §§ 226 and 1174; (7) unfair competition in violation of California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200; (8) breach of contract; and (9) unjust enrichment. *See id*.

On February 3, 2012, KME and Ms. Morgan filed a motion to dismiss the First Amended

Complaint or, alternatively, to transfer the case to the Southern District of Illinois, and they noticed the motion for hearing on April 5, 2012. KME and Ms. Morgan's MTD, ECF No. 19. Plaintiffs timely filed an opposition to the motion, and KME and Ms. Morgan filed a reply. Plaintiffs' Opposition to KME and Ms. Morgan's MTD, ECF No. 21; KME and Ms. Morgan's Reply, ECF No. 24.

Then, after he waived service of the First Amended Complaint, Mr. Morgan filed his own motion to dismiss or, alternatively, to transfer the case to the Southern District of Illinois. Mr. Morgan's MTD, ECF No. 27; *see* Waiver of Service, ECF No. 16. Because he noticed his motion for hearing on June 7, 2012, the court continued the hearing on KME and Ms. Morgan's motion to that date as well. Clerk's Notice dated March 29, 2012 (ECF entry only). Plaintiffs timely filed an opposition to Mr. Morgan's motion, Plaintiffs' Opposition to Mr. Morgan's MTD, ECF No. 35, and he filed a reply, Mr. Morgan's Reply, ECF No. 37.

On June 3, 2012, the court denied both motions to dismiss. 6/3/2012 Order, ECF No. 45. On June 18, 2012, Defendants answered the complaint, and KME alleged against JT Jarzab counterclaims for conversion, breach of fiduciary duty, constructive fraud, and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. Answer and Counterclaims, ECF No. 46. On July 11, 2012, JT Jarzab filed a motion to dismiss KME's counterclaims. JT Jarzab's MTD, ECF No. 51. KME filed an opposition, KME's Opposition, ECF No. 56, and JT Jarzab filed a reply, JT Jarzab's Reply, ECF No. 57.

### III. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## IV. DISCUSSION

In his motion to dismiss, JT Jarzab argues that KME does not have standing to bring its counterclaims because it is not authorized to conduct intrastate business in California. Under California Corporations Code § 2105(a), "[a] foreign corporation shall not transact intrastate business without having first obtained from the Secretary of State a certificate of qualification." Any corporation that fails to obtain such certificate of qualification "shall not maintain any action or proceeding upon any intrastate business so transacted in any court of this state." Cal. Corp. Code § 2203(c). KME argues that § 2203 does not apply because it conducts only interstate business.

"A [counter-]defendant who seeks to challenge a [counter-] plaintiff's standing under Cal. Corp. Code §§ 2105 and 2203 may do so by motion to dismiss for lack of standing. The [counter-]defendant, as moving party, bears the burden to prove that: 1) the action arose out of [counter-]plaintiff's transaction of intrastate business; and 2) the action was commenced prior to [counter-]plaintiff qualifying to transact intrastate business." *LeBlanc Nutritions, Inc. v. Advanced*

*Nutra LLC*, CIV. S–05–0581–FCD– JFM, 2005 WL 1398538 (E.D. Cal. June 14, 2005) (citing, e.g., *United Sys. of Ark., Inc. v. Stamison*, 63 Cal. App. 4th 1001, 1007 (1998)). "For purposes of qualification under that section, 'transact[ing] intrastate business' means entering into repeated and successive transactions of its business in this state, other than interstate or foreign commerce." *Id*. (citing Cal. Corp. Code § 191(a)). Whether a company transacts intrastate business is a question committed to the "peculiar facts" of each case. *See Le Vecke v. Griesedieck W. Brewery Co.*, 233 F.2d 772, 775 (9th Cir. 1956) (citing *W. Pub. Co. v. Superior Court of City & County of San Francisco*, 20 Cal.2d 720, 727 (1942)).

Here, it is undisputed that KME has not obtained a certificate of qualification to transact intrastate business.[3] Thus, the question to be addressed is whether JT Jarzab has met his burden to show that KME actually transacts intrastate business and whether its counterclaims arise out of that business.

JT Jarzab argues that KME transacted intrastate business in California for the following reasons:

1. KME hired a California resident (JT Jarzab);
2. KME alleged in its counterclaims that it had a "thriving business in California" and that "[o]ne of JT Jarzab's jobs was to develop that business"; and
3. KME leased office space in California for six months.

*See* JT Jarzab's Memo, ECF No. 52 at 4; JT Jarzab's Reply, ECF No. 57 at 2; *see also* Answer and Counterclaims, ECF No. 46 at 2-5, ¶¶ 1, 12-17; *id*. at 15-16, ¶¶ 10-18.

Under the relevant authority and upon review of the limited evidence in the record, the court does not believe that JT Jarzab, at least at this time, has met his burden.[4] First, simply hiring a California resident as an employee is not significant; it tells the court nothing of JT Jarzab's duties

---

[3] KME, at least, does not state anywhere in its opposition that it has obtained such a certificate, and its arguments in opposition to JT Jarzab's motion imply that it has not. *See generally* KME's Opposition, ECF No. 56.

[4] Indeed, the evidence submitted by the parties includes only a handful of short declarations from the parties that were submitted in relation to the previous two motions to dismiss, *see*, *e.g.*, Third Affidavit of Kris Morgan, ECF No. 24-2, and Plaintiffs' allegations that are admitted by Defendants, *see* Answer and Counterclaims, ECF No. 46 at 2-12, ¶¶ 1-66.

and responsibilities or of KME's business.

Second, while some decisions have relied upon a party's maintenance of an office within California to be relevant, those decisions relied upon it only in conjunction with other facts demonstrating intrastate business. *See, e.g., Le Vecke*, 233 F.2d at 777.

Third, and most significantly, JT Jarzab has not established what his duties and responsibilities even were. He alleges that he was hired as Vice President or Marketing, but he alleges nothing about what that entailed. *See* FAC, ECF No. 13 at 3-4, ¶¶ 12-14. He points to no evidence providing more detail. And although KME alleges in its counterclaims that it had a "thriving business in California" and that "[o]ne of JT Jarzab's jobs was to develop that business," KME also alleges that JT Jarzab conducted many activities outside of California and that those activities were not directed or related to intrastate business. *See* Answer and Counterclaims, ECF No. 46 at 15, ¶ 11 ("JT Jarzab's employment responsibilities were to make sales and assist cities with knowing where to look and how to apply for grants, to write articles for magazines for the company, make presentations and to maintain the website relating to Transit (buses) products. JT Jarzab had other duties."); *id*. at 16, ¶ 15 ("As part of his job, JT Jarzab traveled and gave presentations. During a presentation in Australia, which involved evaluation of KME technology that is not used by any competitor, JT Jarzab did not mention KME or the Emtrac System."); *id*., ¶ 16 ("JT Jarzab also wrote papers which were published and presented in the field which did not mention KME or the Emtrac System. One presentation of a paper took place in New Orleans."); *id*., ¶ 17 ("KME paid for JT Jarzab's trips to Chicago to meet with an agency called PACE and to Washington, D.C. to meet with an agency called WMATA. JT Jarzab represented to KME that the meetings were for the benefit of KME, but contacting the agencies there has been no record showing that he in fact did meet and discuss Emtrac."). Simply put, the court does not have a clear picture of what JT Jarzab's duties and responsibilities were, and without it, the court cannot conclude that KME transacted intrastate business and that its counterclaims against JT Jarzab are related to it.[5]

---

[5] The court wishes to point out that, even if it found that KME did conduct intrastate business and ran afoul of California Corporation Code § 2203, the appropriate remedy at this time would be to stay the case to allow KME to receive a certificate of qualification from the Secretary of State, not

1    Of course, this decision does not conclude that KME did not transaction intrastate business. Whether it did or not, and whether its claims against JT Jarzab arise out of it, may be illuminated during discovery, and JT Jarzab may raise the issue again on summary judgment. *See Hurst v. Buczek Enterprises, LLC*, No. C-11-1379 EMC, 2012 WL 1564733 (N.D. Cal. May 2, 2012) (addressing counter-defendant's California Corporation Code § 2203 standing argument on summary judgment and relying upon a robust evidentiary record). Indeed, after reviewing the relevant authorities, the decision may be a close one. *See*, *e.g.*, *Le Vecke*, 233 F.2d 772 (9th Cir. 1956); *Hurst*, 2012 WL 1564733; *LeBlanc Nutritions*, 2005 WL 1398538; *Carl F.W. Borgward, G.M.B.H. v. Superior Court of Los Angeles County*, 51 Cal.2d 72 (1958); *United Sys. of Ark.*, 63 Cal. App. 4th 1001; *Gatto*, 49 Cal. App. 4th 1732; *Neogard Corp. v. Malott & Peterson-Grundy*, 106 Cal. App. 3d 213 (1980); *Detsch & Co. v. Calbar, Inc.*, 228 Cal. App. 2d 556 (1964); *Thorner v. Selective Cam Transmission Co.*, 180 Cal. App. 2d 89 (1960). For now, though, JT Jarzab has not met his burden, and his motion to dismiss is **DENIED**.

## V. CONCLUSION

Based on the foregoing, JT Jarzab's motion to dismiss is **DENIED**. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), JT Jarzab shall answer KME's Counter-Complaint within 14 days of the date of this order

This disposes of ECF No. 51.

**IT IS SO ORDERED.**

Dated: August 14, 2012

_____
LAUREL BEELER
United States Magistrate Judge

---

to dismiss KME's counterclaims. *See United Med. Mgmt. Ltd. v. Gatto*, 49 Cal. App. 4th 1732, 1740 (1996) ("If the [counter-]defendant establishes the bar of the statute, . . . the matter should be stayed to permit the foreign corporation to comply. If the foreign corporation plaintiff complies . . . by qualifying and paying fees, penalties and taxes, it may maintain the action. If the foreign corporation fails to comply, the matter should be dismissed without prejudice."). Only if KME were to fail to receive the certificate of qualification would the court consider dismissing its counterclaims. *See id.*

C 11-06671 LB
ORDER
8