Jana Yocom (ARDC# 6193677)
**Jana Yocom, P.C.**
320 S. 11th, Suite 1
Mt. Vernon, Illinois 62864
Telephone:  618-731-1944
Facsimile:  618-242-4808
Jana.yocom@gmail.com

Attorneys for KM Enterprises, Inc.,
Defendant/Counter-claimant
Andrea Morgan, Defendant
Rodney K. Morgan, Defendant

Brad Stuckey, Esq. (SBN 214971)
brad@stuckeyhughes.com
**STUCKEY HUGHES, APC**
4471 Stoneridge Drive, Suite B
Pleasanton, California 94588
Telephone:     (925) 426-9200
Facsimile:      (925) 426-9215

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES T. JARZAB, an individual; and JAMES R. JARZAB, an individual,<br><br>Plaintiffs,<br>vs.<br><br>KM ENTERPRISES, INC, dba Emtrac Systems, an Illinois corporation; ANDREA MORGAN, an individual; RODNEY K. MORGAN, an individual; and DOES 1 through 30, inclusive.<br><br>Defendants.<br>_____<br><br>AND RELATED CROSS-COMPLAINT | CASE NO.: 11-CV-06671-LB<br><br>*Assigned For All Purposes to Honorable Laurel Beeler*<br><br>JOINT STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS' AND PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT<br><br><br><br><br><br>*Trial Date:  October 14, 2014* |

*JOINT STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT*

1    Pursuant to Civil Local Rule 56-2(b), Plaintiffs James T. Jarzab and James R.
2    Jarzab, by their attorney Stuckey Hughes APC, and Defendants KM Enterprises, Inc.
3    ("KME"), Rodney ("Kris") Morgan, and Andrea Morgan, by their attorney Jana Yocom,
4    P.C., file this Joint Statement of Undisputed Facts.

## UNDISPUTED FACTS

1. Defendant KM Enterprises, Inc. ("KME") markets, sells and distributes the Emtrac System which uses navigation technology to perform traffic signal preemption for emergency vehicles, signal priority for transit systems and other vehicle detection functions. D.13.
2. KME is an Illinois Corporation. D.13.
3. Kris Morgan is the president of KME. D.13.
4. Andrea Morgan did not travel to California from 2009 to present. Exhibit A.
5. Andrea Morgan signed checks to pay James R. Jarzab and James T. Jarzab and to pay office rent. Exhibit A.
6. James T. Jarzab was employed by KME as Vice President of Marketing. Exhibit B.
7. James R. Jarzab, the son of James T., was hired to assist agencies with grant applications.
8. James R. Jarzab worked part-time and was supervised by his father, James T. Jarzab.
9. An email from KME to JT Jarzab ("JTJ") on September 28, 2009 sets forth the terms of employment. Exhibit B.
10. The terms were a title of Vice President, a $100,000 annual salary, health insurance, life insurance, three weeks' vacation. Exhibit B.
11. The commission term of the employment agreement originated from an email exchange in which James T. Jarzab proposed on August 25, 2009 "1% of gross Emtrac sales beyond prior year quarterly results (beginning January 1, 2010)", with the following clarification: "Certain assumptions have been made regarding

current Emtrac corporate practices. The proposed commission structure is designed to reflect the need for this position/Department to generate increased sales volume above and beyond the typical sales function without interfering with that function." KME's response to the proposal stated the commission offered as follows: "1.25% on all product sold." Exhibit B.

12. Evidence includes an email from Jarzab pointing out to Morgan that the email offer did not include stock. Exhibit B.

13. Jarzab accepted the email offer. D.13.

14. Jarzabs payroll stubs show that KME paid income tax withholding in Illinois, as well Illinois unemployment tax during the term of Plaintiffs' employment.

15. KME tried to purchase life insurance but could not find an affordable policy.

16. KME did not pay any commissions to James T. Jarzab.

17. James T. Jarzab did not make any sales.

18. A lawsuit filed against KME by its competitor in September, 2010 caused a serious decline in KME's business and cash flow which were thought to be temporary.

19. At all relevant times Plaintiff James T. Jarzab was a resident of Dublin, California.[1]

20. At all relevant times Plaintiff James R. Jarzab was a resident of California.

21. In an August 25, 2009 memorandum by James T. Jarzab to KME President, Kris Morgan, James T. Jarzab proposed that he receive a $12,500.00 per month base salary. KME counter-offered with an offer of a $100,000 annual salary.

22. James T. Jarzab started his employment with KME on October 1, 2009.

23. James R. Jarzab started his employment with KME in June 2010.

---

[1] Mr. Jarzab moved to Illinois in 2013.

1  24. On February 15, 2011, James T. Jarzab did not receive his paycheck for the
2      biweekly pay period ending January 31, 2011. KME made the payment in May,
3      2011.
4  25. On February 15, 2011, James R. Jarzab did not receive his paycheck for the
5      biweekly pay period ending January 31, 2011. KME made the payment in May,
6      2011.
7  26. On April 20, 2011 James T. Jarzab sent an e-mail to Kris Morgan stating that he
8      was severing his ties with KME.  Attached to the e-mail was a letter from James
9      T. Jarzab stating that he had been constructively terminated by KME.
10 27. On April 20, 2011 James T. Jarzab sent an e-mail to Kris Morgan stating that
11     James R. Jarzab was severing his ties with KME.  Attached to the e-mail was a
12     letter from James R. Jarzab stating that he had been constructively terminated by
13     KME.
14 28. On April 21, 2011, KME President, Kris Morgan, sent an e-mail to James T.
15     Jarzab, asking him to reconsider his severing his ties with KME.
16 29. On April 21, 2011, KME President, Kris Morgan, sent a second e-mail to James
17     T. Jarzab, asking him to reconsider his severing his ties with KME.
18
19 Dated:  May 15, 2014                    STUCKEY HUGHES, APC
20
21                                         By: /s/ *Brad Stuckey*
22                                         BRAD STUCKEY
                                           Attorneys for Plaintiffs /
23                                         Cross-Defendant
24 Dated:  May 15, 2014                    JANA YOCOM, PC
25
26                                         By: /s/ *Jana Yocom*
27                                         JANA YOCOM
                                           Attorneys for Defendants / Cross-
28                                         Complainant.

*JOINT STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT*
4